UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FLYNN CREEK PARTNERS, LLC, )<br>    *Plaintiff*, )<br> )<br>*vs.* )<br> )<br>METRO HOLDINGS ONE, LLC, *et al.*, )<br>    *Defendants.* ) | | 1:12-cv-0653-JMS-TAB |

## ORDER TO SHOW CAUSE

Plaintiff Flynn Creek Partners, LLC ("Flynn Creek"), filed its Complaint against Defendants Metro Holdings One, LLC ("Metro Holdings"), Exproman, Inc. ("Exproman"), and Quaker Sales & Distribution, Inc. ("Quaker") in April 2012. [Dkt. 1-1.] Quaker filed a notice of removal on May 14, 2012, asserting that this Court can exercise diversity jurisdiction over the action.

After reviewing the removal papers and the underlying state court Complaint, the Court is unsure if it can exercise diversity jurisdiction over this matter. Quaker alleges that Flynn Creek is an Indiana limited liability company with its principal place of business in South Bend, Indiana; that Metro Holdings is an Ohio limited liability company with its principal place of business in Ohio; and that Exproman is an Ohio limited liability company[1] with its principal place of business in Ohio. [Dkt. 1 at 1-2.]

Quaker's allegations are insufficient to allege the citizenship of these entities because the citizenship of an unincorporated association is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th 2012), and a federal court al-

---

[1] This may be a scrivener's error, considering that Exproman's name indicates that it is incorporated.

- 1 -

ways has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

For these reasons, Quaker is **ORDERED** to show cause as to why this case should not be remanded due its failure to establish complete diversity of citizenship.  It may do so by filing a jurisdictional statement by **May 25, 2012**, specifically setting forth jurisdictional allegations to establish the citizenship of the other parties.  With regard to the unincorporated entities, Quaker is reminded that citizenship "must be traced through however many layers of partners or members there may be," *Hart*, 336 F.3d at 542, and it is insufficient to allege that all partners are citizens of "X" state or that no partners are citizens of "X" state, *Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007).   If Plaintiff disagrees with the jurisdictional statement, it should file  its objection within 14 days of Quaker's filing.

05/16/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Brian R. Bouggy
FROST BROWN TODD LLC
bbouggy@fbtlaw.com

Jeffrey A. Hokanson
FROST BROWN TODD LLC
jhokanson@fbtlaw.com

Scott S. Morrison
KRIEG DEVAULT LLP - Indpls. Northside
smorrisson@kdlegal.com

Randall R. Riggs
FROST BROWN TODD LLC
rriggs@fbtlaw.com